Darrick T. McCLAIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0808–CR–428.

Court of Appeals of Indiana.

Dec. 23, 2008.

---

Michelle F. Kraus, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Darrick McClain appeals from his conviction for Failure to Register as a Sex Offender, as a Class D felony, following a jury trial. He presents a single issue for our review, namely, whether the trial court abused its discretion when it permitted evidence regarding his prior sexual battery conviction at trial.

We reverse and remand for a new trial.

### FACTS AND PROCEDURAL HISTORY

On August 17, 1999, McClain was convicted of sexual battery, as a Class D felony. As a convicted sex offender, McClain was required to register as such, and that registration included keeping law enforcement apprised of his current address. On March 9, 2007, Allen County Police Department Officer Kevin Kamphues contacted McClain regarding the lack of two signatures on his then-existing registration form. Accordingly, McClain went to the police station and filled out a new registration form. In addition to updating his employment information on the form, McClain also updated his address,

indicating that he had moved since the last time he had registered. McClain listed his current address as 4501 Plaza Drive in Fort Wayne, which is his sister Angela McClain's residence.

A few weeks later, Angela was looking at the online sex offender registry when she saw that McClain had listed her address as his current residence. Angela immediately contacted the police and informed an officer that McClain did not reside with her. After an investigation into the matter, the State charged McClain with failure to register as a sex offender.

At trial, McClain offered to stipulate to his sex offender status and to the fact that he had listed Angela's home address as his home address on the registration form. But the State did not enter into that stipulation. Instead, the State introduced into evidence the registration form, which, in addition to showing the listed address, also revealed details of McClain's sex offense, including that he had committed sexual battery against a mentally disabled woman for whom he was a caregiver. The trial court admitted the evidence over McClain's objection. The jury found McClain guilty as charged, and the trial court entered judgment and sentence accordingly. This appeal ensued.

### DISCUSSION AND DECISION

 Rulings on the admission of evidence are subject to appellate review for abuse of discretion. *McHenry v. State*, 820 N.E.2d 124, 128 (Ind.2005). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ind. Evid. R. 403. Here, the question presented is whether, in light of McClain's offer to stipulate to his status as a sex offender, the probative value of the registration form was outweighed by the danger of unfair

prejudice. We hold that it was and that the evidence should have been excluded.

■ A defendant's objection pursuant to Rule 403 of the Indiana Rules of Evidence, and his offer to concede a point, generally cannot prevail over the State's choice to offer evidence showing guilt and all the circumstances surrounding the offense. *Sams v. State*, 688 N.E.2d 1323, 1325 (Ind. Ct.App.1997), *trans. denied.* However, in *Old Chief v. United States*, 519 U.S. 172, 190, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the United States Supreme Court held that this general rule has "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." In particular, in *Old Chief,* which addressed the admissibility of evidence relating to the defendant's status of having a prior felony conviction, the Court observed that:

> the most obvious reason that the general presumption that the prosecution may choose its evidence is so remote from application here is that proof of the defendant's status goes to an element entirely outside the natural sequence of what the defendant is charged with thinking and doing to commit the current offense. Proving status without telling exactly why that status was imposed leaves no gap in the story of a defendant's subsequent criminality, and its demonstration by stipulation or admission neither displaces a chapter from a continuous sequence of conventional evidence nor comes across as an officious substitution, to confuse or offend or provoke reproach.

*Id.* at 191, 117 S.Ct. 644. In *Sams,* this court followed *Old Chief* and held that the trial court should not have admitted into evidence the defendant's complete driving record where the defendant had offered to stipulate that his license had been suspended for life. 688 N.E.2d at 1326.[1]

Here, we also find that the reasoning in *Old Chief* applies and hold that McClain's offer to stipulate that he is a sex offender precludes admission of the registration form at trial. The prejudicial impact of the details of his sexual battery conviction is clear, and that evidence has no probative value in relation to the instant offense. The trial court abused its discretion when it admitted the registration form into evidence over McClain's objection and despite his offer to stipulate.

■ In *Sams,* we affirmed the defendant's conviction despite the erroneous admission of the defendant's driving record because we found that the error was harmless. 688 N.E.2d at 1326. An error will be viewed as harmless if the probable impact of the evidence upon the jury is sufficiently minor so as not to affect a party's substantial rights. *King v. State,* 799 N.E.2d 42, 49 (Ind.Ct.App.2003), *trans. denied, cert. denied,* 543 U.S. 817, 125 S.Ct. 54, 160 L.Ed.2d 24 (2004). Further, to be harmless, the error must be harmless beyond a reasonable doubt. *See Kelley v. State,* 825 N.E.2d 420, 428–29 (Ind.Ct.App. 2005). Here, while the State presented substantial evidence of McClain's guilt, several defense witnesses testified that McClain resided with his sister Angela at the time that he filled out the registration form in March 2007. We cannot say, beyond a reasonable doubt, that the probable

---

1. We note that the general rule that the State can choose its evidence still applies to all but proof of a defendant's criminal status. For instance, in *State v. Lewis,* 883 N.E.2d 847, 853 (Ind.Ct.App.2008), we held that the State could introduce into evidence photographs depicting the victim's serious bodily injuries despite defendant's offer to stipulate to that element of the charged offense of criminal recklessness resulting in serious bodily injury.

impact of the prejudicial evidence upon the fact finder was sufficiently minor so as not to affect McClain's substantial rights. *See id.* We reverse and remand for a new trial.

Reversed and remanded for a new trial.

BAKER, C.J., and KIRSCH, J., concur.